```
Gary Tokumori, SBN 149952
PARKER, MILLIKEN, CLARK,
    O'HARA & SAMUELIAN
A Professional Corporation
555 S. Flower St., 30th Floor
Los Angeles, California 90071-2440
Telephone:    (213) 683-6500
Facsimile:    (213) 683-6669
Email:  gtokumori@pmcos.com

Attorneys for Secured Creditor
FIRST-CITIZENS BANK & TRUST COMPANY,
successor-in-interest to FIRST REGIONAL BANK
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>VANESSA STOLLER,<br><br>           Debtor. | Case No.  1:22-bk-10141-MB<br><br>Chapter 11<br><br>**SECURED CREDITOR FIRST-CITIZENS BANK & TRUST COMPANY'S OPPOSITION TO DEBTOR'S MOTION FOR SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS [DOCKET NO. 111]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      August 24, 2022<br>Time:     1:30 p.m.<br>Place:     Courtroom 303 VIA ZOOM |

      Secured Creditor First-Citizens Bank & Trust Company, successor-in-interest to First Regional Bank ("Bank")[1], hereby opposes Debtor's Motion for Sale of Property of the Estate Free and Clear of Liens ("Sale Motion") made pursuant to 11 U.S.C. § 363(b)(1).  This opposition is filed pursuant to Local Bankruptcy Rule 9013-1(f) and is based upon the memorandum of points and authorities set forth below:

---

[1] First-Citizens Bank & Trust Company acquired the interest of First Regional Bank in the underlying First Regional Bank Lien which is a subject of the Motion pursuant to a Purchase and Assumption Agreement – Whole Bank – All Deposits Among Federal Deposit Insurance Corporation, Receiver of First Regional Bank, Los Angeles, CA, Federal Deposit Insurance Corporation, and First-Citizens Bank & Trust Company, Raleigh, North Carolina, Dated as of January 29, 2010, which can be found at: firstregional-p-and-a.pdf (fdic.gov)

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

FIRST-CITIZENS BANK & TRUST COMPANY'S OPPOSITION
TO DEBTOR'S MOTION FOR SALE OF PROPERTY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE MOTION FAILS TO ACCOUNT FOR THE UNAVOIDABLE PORTION OF BANK'S JUDGMENT LIEN

Debtor seeks to sell residential real property commonly known 5747 Hoback Glen Road, in Hidden Hills, California (the "Real Property"), for a price of $6,085,000.00. Bank opposes the sale set forth in the Sale Motion (1) on the grounds that the Sale Motion fails to account for the portion of Bank's judgment lien which survives Debtor's pending Motions to Avoid Liens in the amount of $1,138,402, and (2) to the extent that the Sale Motion fails to provide for payment in full of said amount to Bank.

Debtor acknowledges that the Real Property is presently encumbered by at least the following liens:

- A first deed of trust held by U.S. Bank for $4,224,477.00 (the "U.S. Bank Lien");
- A lien recorded by Hidden Hills Community Association for $122,121.00 (the "HHCA Lien");
- A judgment lien recorded by Bank in the amount of $6,504,153.00 (the "First Regional Bank Lien"), which the Debtor incorrectly asserts will be avoided in full pursuant to 11 U.S.C. § 522(f);
- A tax lien recorded by the Internal Revenue Service in the amount of $249,742.00 (the "IRS Lien"); and
- A tax lien recorded by the Franchise Tax Board in the amount of $68,537.00 (the "FTB Lien").

Sale Motion at 7-10.[2]

However, Debtor fails to account for the Bank's Oppositions [Docket Nos. 117, 118, 119, 120] to her Motions to Avoid Lien [Docket Nos. 95, 96, 97, 101][3], which demonstrate that the

---

[2] Bank is informed and believes that Debtor has or will move to avoid any remaining junior judicial liens pursuant to 11 U.S.C. § 522(f).

[3] Debtor filed four motions related to the First Regional Bank Lien to address two writs of attachment, an original judgment lien, and a renewed judgment lien which attached as of October 26, 2009.

4864-4721-4125

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

First Regional Bank Lien is only avoidable in part and survives to the extent of **$1,138,402.00**.

Taking into account the unavoidable portion of the First Regional Bank Lien, the "Summary of Sale Proceeds Based Upon Sale Price of $6,085,000" at page 11 of the Sales Motion, which claims proceeds of $720,123 available for creditors upon the sale as proposed in the Sale Motion, should instead reflect a deficit of $418,279 as follows:

| | | |
|---|---:|---:|
| U.S. Bank Lien | 4,224,477 | |
| HHCA Lien | 122,121 | |
| **First Regional Bank Lien** | **1,138,402** | |
| IRS Lien | 249,742 | |
| FTB Lien | 68,537 | |
| Total Liens | | 5,803,279 |
| Sales Costs | | 100,000 |
| Homestead Exemption Payment | | 600,000 |
| Total Payments Required | | |
| (liens, sale costs, homestead) | | 6,503,279 |
| Net Shortage ($6,085,000 - $6,503,279) | | **(418,279)** |

Thus, based on the proposed sale price of $6,085,000 and Debtor's demand for payment of her homestead exemption amount in full, there is a shortfall from the proposed sale, leaving insufficient proceeds to cover all liens, the homestead exemption, and sales costs, and providing no funds for unsecured creditors. Stated another way, while aggregate liens total $5,803,279.00, there are only proceeds of $5,385,000.00 available to satisfy such liens since Debtor is seeking payment of $100,000 in sale costs and her $600,000 homestead exemption in full from the total sale price.

**II.    THE SALE MOTION SHOULD BE DENIED UNDER SECTION 363**

The Sale Motion proposes a sale of the Real Property, free and clear of, among others, the First Regional Bank Lien, outside the ordinary course under section 363, subsections (f)(2) and (f)(3). Sale Motion at 7-9. However, Bank submits that Debtor cannot satisfy the requirement of these subsections.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

4864-4721-4125    - 3 -
FIRST-CITIZENS BANK & TRUST COMPANY'S OPPOSITION
TO DEBTOR'S MOTION FOR SALE OF PROPERTY

### A. Bank does not consent to the proposed sale under subsection (f)(2)

Under section 363(f)(2), the sale, as proposed in the Sale Motion, is possible only if Bank consents. Bank does *not* consent to the sale as proposed in the Sales Motion for the reasons set forth herein.

### B. The sale price is not sufficient to permit sale under subsection (f)(3)

Under section 363(f)(3), a sale free and clear of Bank's interest is possible only if "such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property." Given that the Sale Motion requires payment in full of the $600,000 homestead exemption to Debtor, as well as $100,000 in sale costs, Bank submits that such requirement is not satisfied here.

First, clearly the Bank's "interest" in the Real Property – a judgment lien – is a "lien" within the meaning of section 101(37) (a "charge or interest in property to secure payment of a debt or performance of an obligation").

Second, the "aggregate value of all liens on such property" means the "face value" (as opposed to the economic value) of all such liens. *See, Clear Channel v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 41 (9th Cir. BAP 2008) (section 363(f)(3) "does not authorize the sale free and clear of a lienholder's interest if the price of the estate property is equal to or less than the aggregate amount of all claims held by creditors who hold a lien or security interest in the property being sold").

Here, as set forth above, that "aggregate value of all liens" is $5,803,279, i.e., the face value of all liens on the Real Property; but together with the requested payment of the $600,000 homestead exemption and $100,000 in sale costs, the sum of all claims is $6,503,279, in excess of the price of $6,085,000. Thus, Bank submits that a sale on such terms cannot be approved under section 363(b)(1) because, among other things, the sale price is insufficient to make the payments required under the terms of the Sale Motion.

///

///

///

**C.    The proposed sale fails to account for the surviving amount of the First Regional Bank Lien and yields no payment for unsecured creditors**

Furthermore, even if the Debtor can be deemed to satisfy the requirements of section 363(f)(3), the Sale Motion fails to demonstrate any benefit to unsecured creditors once the First Regional Bank Lien is taken into account.  *See, e.g., In re KVN Corp., Inc.* (9th Cir. BAP 2014) 514 B.R. 1, 5-6.  Here, rather than the $720,123 claimed to be available for creditors, there will be a shortfall of $418,279 from the sale price under the payments requested in the Sale Motion.  In short, the payments proposed in the Sale Motion do not cover payment in full of (1) the surviving First Regional Bank Lien, (2) Debtor's full claim of exemption, and (3) sales costs.  (Again, the aforementioned payments total $6,503,279 while the sale price is only $6,085,000.)  Thus, the Sale Motion should not be granted in the form and manner requested.

## III.    CONCLUSION

For the reasons set forth above, Debtor's Motion for Sale of Property of the Estate Free and Clear of Liens should be denied on the grounds that it fails to (1) account for the First Regional Bank Lien in the amount of $1,138,402.00, which survives and remains as a lien on the Real Property, and (2) provide for payment in full of the First Regional Lien upon the proposed sale of the Real Property.

DATED: August 10, 2022

PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation

By: _____*/s/ Gary Tokumori*_____
GARY TOKUMORI

Attorneys for Secured Creditor
FIRST-CITIZENS BANK & TRUST COMPANY,
successor-in-interest to FIRST REGIONAL BANK

# PROOF OF SERVICE OF DOCUMENT
*In re VANESSA STOLLER*
*Case No. 1:22-bk-10141-MB*

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

555 S. Flower Street, 30th Floor, Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*):  **SECURED CREDITOR FIRST-CITIZENS BANK & TRUST COMPANY'S OPPOSITION TO DEBTOR'S MOTION FOR SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS [DOCKET NO. 111]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 10, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Wesley H Avery on behalf of Interested Party Nancy J. Zamora, Chapter 7 Trustee
    wes@averytrustee.com, lucy@averytrustee.com; alexandria@averytrustee.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
    russell.clementson@usdoj.gov

Donald H Cram on behalf of Creditor WELLS FARGO BANK, N.A.
    dhc@severson.com, cas@severson.com

Michael S. Kogan on behalf of Debtor Vanessa Stoller
    mkogan@koganlawfirm.com

Kirsten Martinez    Kirsten.Martinez@bonialpc.com; Notices.Bonial@ecf.courtdrive.com

Arvind Nath Rawal on behalf of Creditor BMW Bank of North America, and on behalf of Creditor Capital One Auto Finance, a division of Capital One, N.A., both in c/o AIS Portfolio Services, LP,
    arawal@aisinfo.com

Gary Tokumori    gtokumori@pmcos.com

United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On August   , 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**

Main Document    Page 7 of 7

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
<u>(state method for each person or entity served)</u>:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>August 10, 2022</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>BY OVERNIGHT DELIVERY</u>
Hon. Martin Barash
U.S. Bankruptcy Court
21041 Burbank Blvd., #342
Woodland Hills, CA  91367

<u>BY EMAIL</u>
Matthew Abbasi on behalf of Debtor Vanessa Stoller
matthew@malawgroup.com

<u>BY EMAIL</u>
Nancy J. Zamora (Trustee)
Zamora3@aol.com; nzamora@ecf.axosfs.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 10, 2022 | Cynthia Martinez | *(signature)* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           F 9013-3.1.PROOF.SERVICE